ORIGINAL
FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUN 2 3 2010 ★
BROOKLYN OFFICE

D&F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x

FIRSTFRUITS MARKETING OF WASHINGTON, LLC and SUNCOAST PRODUCE, INC.,

                                                           Plaintiffs,

-against-

PARADISE PRODUCE, INC., NAKWON KWANG a/k/a NAK WON KWANG a/k/a NAK WON KANG a/k/a PAUL KWANG a/k/a PAUL KANG and HYEHYANG KWANG a/k/a HYE HYANG KWANG a/k/a HYEHYANG KANG a/k/a HYE HYANG KANG a/k/a HYE H. KWANG a/k/a HYE H. KANG,

                                                           Defendants.
---------------------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 10-CV-669 (FB) (MDG)

*Appearances:*
*For the Plaintiffs:*
JEFFREY M. CHEBOT, ESQ.
WHITEMAN, BANKES & CHEBOT, LLC
325 Chestnut Street
Constitution Place
Philadelphia, Pennsylvania 19106

**BLOCK, Senior District Judge:**

        This action arises under the Perishable Agricultural Commodities Act ("the PACA"). The plaintiffs now move for a default judgment following the defendants' failure to answer or otherwise defend against the complaint. The motion is granted, and the matter is referred to the assigned magistrate judge, the Honorable Marilyn D. Go, for a report and recommendation on the relief to be awarded.

# I

On February 17, 2010, plaintiffs FirstFruits Marketing of Washington ("FirstFruits") and Suncoast Produce ("Suncoast"), filed a complaint seeking recovery for the costs of produce sold and delivered to defendants (collectively, "Paradise"). Paradise and the individual defendants were duly served the following day. *See* Docket Entries Nos. 4 (Paradise Product, Inc.), 5 (Nakwon Kwang), 6 (Hyehyang Kwang).

Paradise failed to respond or otherwise defend against the action. *See* Docket Entry No. 8 (Mar. 25, 2010) (Clerk's Entry of Default). FirstFruits and Suncoast now move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b).

# II

A defendant's default is an admission of all well-pleaded allegations in the complaint except those relating to damages. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). A district court must nevertheless determine whether the allegations state a claim upon which relief may be granted, *see Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981) ("[A district court] need not agree that the alleged facts constitute a valid cause of action."); if they do, damages "must be established by the plaintiff in an evidentiary proceeding in which the defendant has the opportunity to contest the amount." *Greyhound Exhibitgroup*, 973 F.2d at 158.

FirstFruits and Suncoast sued Paradise under the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e. A "PACA trust" is "automatically established

each time a broker or merchant purchases perishable commodities upon credit[.]" *D.M. Rothman & Co. v. Korea Comm. Bank of N.Y.*, 411 F.3d 90, 96 (2d Cir. 2005). The trust is intended to protect sellers of perishable commodities by making their interests in those commodities "superior to those of the buyers' creditors, including secured creditors." *Am. Banana Co. v. Rep. Nat'l Bank of N.Y.*, 362 F.3d 33, 37 (2d Cir. 2004). PACA trustees must "maintain trust assets in a manner that such assets are freely available to satisfy outstanding obligations to sellers[.]" *Bonell Produce Co. v. Chloe Foods, Inc.*, No. 08-CV-4218 (FB), 2008 WL 4951942, at *2 (E.D.N.Y. Nov. 19, 2008) (quoting 7 C.F.R. § 46.46(d)(1)). So long as an unpaid seller provides written notice of intent to preserve PACA trust rights, unpaid sellers "maintain a right to recover" the assets of the PACA trust. *Endico Potatoes, Inc. v. CIT Group/Factoring*, 67 F.3d 1063, 1067 (2d Cir. 2001) (internal citations omitted); 7 C.F.R. 46.46(f)(1) (requiring written notice of intent to preserve benefits under PACA trust). Any individual "in a position to control the assets of the PACA trust [who] fails to preserve them[] may be held personally liable to the trust beneficiaries for breach of fiduciary duty." *Coosemans Specialties, Inc. v. Gargiulo*, 485 F.3d 701, 705-06 (2d Cir. 2007) (internal citations omitted).

The allegations of the complaint are as follows. Paradise, controlled by Nakwong and Hyehyang Kwang, is a "dealer" as defined by the PACA. Paradise purchased and received perishable agricultural commodities from FirstFruits in a series of transactions between November 4 and December 10, 2009, and from Suncoast in a series of transactions between November 4 and November 17, 2009. FirstFruits and Suncoast

3

issued written invoices for each transaction; each invoice gave notice of intent to preserve their PACA trust rights. FirstFruits and Suncoast have made repeated demands for payment on the invoices, but have received no payments.[1] Paradise has failed to maintain a statutory trust over the perishable agricultural commodities that it received from FirstFruits and Suncoast, and is in breach of its fiduciary duties to them.

These allegations—now deemed admitted—are sufficient to establish a breach of the PACA. The motion for a default judgment is therefore granted as against all defendants.

## III

The motion for a default judgment is granted. The matter is referred to the Honorable Marilyn D. Go for a report and recommendation on the relief to be awarded.[2]

**SO ORDERED.**

s/Frederic Block<br>
FREDERIC BLOCK<br>
Senior United States District Judge

Brooklyn, New York
June 17, 2010

---

[1] Paradise did issue one check to FirstFruits for $20,972.00 and one check to Suncoast for $23,129.10, but both checks were returned for insufficient funds.

[2] The plaintiffs have already filed a detailed accounting of damages.

4